Thank you. I'd ask for three minutes for rebuttal. Fine. Good morning, Your Honors, Ms. Fosnatt. May it please the Court, my name is Eric Allen. I represent the Appellant, Mr. Schwieterman. There was a matter regarding the DVD that the Court had requested be provided. I had indicated that there wasn't a diagram provided in the state court record. After watching the DVD yesterday, it appears that Dr. Meredith, who had provided the recreation for us, had put that diagram in the DVD, so there's not a paper diagram, but there is a diagram which is sort of laid over the recreation. So I apologize for that, but it is. Well, apparently the state post-conviction judge and the district judge below have never seen this DVD, right? They've not looked at it. Well, the district court judge, I don't know about it, but the trial court judge certainly has. How could the district court judge here have seen it if it were lodged in the record in the state court, which was then, by some mistake or other, was not sent? We had to get it from the state. Yes. So obviously the district judge here, who was Judge Loy? Yes. Could not have seen it unless you went over to the state courthouse somewhere. Well, that's interesting, Your Honor. As part of my affidavit, I don't know if you've had a chance to read what I had filed, the motion. I have family in that area, and my wife is from that area, so once I just wandered over to the Mercer County clerk's office and checked the file, and in an envelope there was a copy of the recreation. I don't know why it was not forwarded into the district court. That's a good question, Judge. I know as a matter of course, in habeas cases, the attorney general is ordered to provide the record, and page, I believe it's 1595, is the actual envelope that contained the recreation. Could you just clear up right now, what was the DVD in evidence in front of the district court? That I don't know. You do not know whether it was in evidence? I do not know that. I mentioned it in the traverse, I mentioned it in the objections, and nobody said, hey, wait a minute, there's no DVD here. When you mention it, did you attach it to your documents? If you mention it in a document, did you attach it or not? Well, my assumption is that it was in the record. So you did not attach it yourself? I did not attach it myself. Normally, if something is in the record, I'm not going to attach it unless the judge would say I had no idea that there's no DVD here. So then your position is the DVD was in the state court record? Yes. And that's where you're referring to how you happened to go over to the Mercer County Courthouse and you happened to look at it? Oh, yes. The Supreme Court gave us the wonderful matter of pinholsters, so I wanted to make sure that the state court record had this most important piece of evidence. And it was there. It's still there.  And I apologize. I'm not sure if it was a DVD or it was a flash drive. It was some electronic digital media that was provided to Judge Ingram in Mercer County. But I wanted to make sure that it was there because my co-counsel, I had had him file it, so I wanted to make sure that it was still there. Thank you. But the district court, I don't know. I had mentioned it. I guess your position is then that this case should be remanded to the district court to go into the record and look at it because the district court basically followed the race judicata theory of the state court. Yes. And then sort of as an aside said, well, maybe on the merits it doesn't amount to anything either. Yes. I'm sort of surprised that it wasn't there, but I think that would be the remedy is that without this crucial piece of evidence, the district court cannot have decided. And there was a hearing before the district court in this case? No, Your Honor. Hearings, face-to-face meetings do help for lawyers and judges. Yes. We had as typical in some, not all habeas cases, certainly not capital cases, but habeas like this, this is all done sort of impersonally through the pleadings of the petitioner and the respondent. Mr. Allen, the state says that even with this new evidence in hand, that you'd not be able to prove that the boy speeding was solely responsible for the accident on a contributory negligence defense. Do you have cases, or what's the best case you have to refute the state's contention? Well, Your Honor, I think we set out sort of our position regarding the state of traffic laws in regard to this case in our brief. And I cited a number of statutes, and I don't have it on the tip of my tongue, but it is in my merit brief. And I think if you look at the recreation that's done by Dr. Meredith, it appears that up to the point of the crash, that my client, the petitioner repellent here, was following the law in terms of doing all that he could to make sure that the intersection was clear. He was following the traffic laws. Because obviously, in the record, your client was intoxicated and had drugs in his system. But my understanding, and this is following up on Judge Donald's question, my understanding is that your opponent's position is that the law of Ohio is that if your client failed to yield after stopping to the oncoming car that did not have a stop sign, that your client is liable. And is that a correct statement of the law of Ohio, that you can't get out from under that, even if the other driver is speeding and doing everything wrong, he had the right-of-way, and your client is liable? Your Honor, I believe that what we had argued, and I believe what the law is, is that once you stop and make it certain that it's reasonably safe to go forward, then you can do so. I think in this case, with the tree cover and the night conditions and other things, it made it difficult for him to see the car, and by the time he did, it was too late. So you're saying your opponent's view of what the law of Ohio is, is wrong? Yes. I think in this situation, I believe that he has a duty to stop, which according to the recreation he did, he couldn't see, and he made a determination that it was reasonable to go forward. Is there any evidence in the record, anywhere, that when the speedometers of the two cars are found locked in at particular speeds, your clients being at a very low speed and the other drivers being at a very high speed, that that means that that was the speed that they were traveling at when the accident occurred? Yes. What is the evidence in the record? There is an affidavit, which you had asked for a report. There wasn't a report, only because of Ohio's sort of strange requirement that you use affidavits with post-conviction petitions. So I had Dr. Meredith produce an affidavit. So as part of the affidavit, he talks about the speedometers and the fact that it would indicate that that would be the speed of both cars. That that's the way cars work, that's the way speedometers on cars work, that's what he said? Yes. And is there any competing evidence from the state side saying that this is not, in fact, what happens, that your speedometer could just go bonkers and go wild in a crash? No, Your Honor. I think it goes back to the original investigation, which we talked about and had some issue with, of sort of churning away the Ohio State Highway Patrol, who has the expertise to deal with accidents and has the software to deal with accidents. And the use of a used car dealer to determine, they're not called this, but we refer to them as black boxes in the car. And this evidence that would have came from the black boxes was destroyed by the government in trying to read them, instead of going to somebody that maybe knew what they were doing. They went to a used car dealer. So in terms of competing evidence, I don't know of any, because there was no investigation in terms of determining other than this was a T-bone and that's all that happened. This kid was drunk. They didn't know he had cocaine in his system until later, but they certainly ascertained from a number of things that he was intoxicated. But other than that investigation, there wasn't any. The race judicata, and I'll be brief about that. We would say that it's nearly impossible to raise this sort of outside the record evidence on direct appeal. I don't know, and maybe I'm not very smart, but I don't know how you would get this type of thing into the record and make it part of the direct appeal without having the trial judge look at it first. And this is one of the first times I've run into this. I've certainly run into race judicata in other post-conviction matters, but in terms of I should have raised it on direct appeal when the only matter on direct appeal was the plea and the sentencing, I just don't know. I'm sure the AG will tell me how I could have, but I'm not sure how I can raise that and not avoid race judicata in this manner. Thank you. Thank you. May it please the court, my name is Jerry Fosnaught and I represent the warden. We ask this court to affirm the judgment of the district court. As to your question, Judge Moore, about the evidence supporting the state side, while the state did not produce an affidavit from their witnesses, there is an affidavit from the petitioner himself and his family members who said that, or maybe it's just the petitioner, but he said that the expert that his trial counsel did hire said that the stuck speedometer readings had no value. So that would support the state's position that the stuck speedometers have no value. Additionally, there are various cases. Which expert was this that heard? Heard. Okay, so it's not Meredith. Whereas Meredith's affidavit says, gives the implication that the stuck speedometers were reflective of the actual speed. He does opine that those are the right speeds, but he does not, as Judge Merritt said, say any reasoning, any analysis as to why stuck speedometers do have value, how the accidents happen and torques and various things with regard to health. Wouldn't Meredith's affidavit be enough to make there be a question as to whether the stuck speedometers reflect the actual speed? I don't believe so, because essentially what it would be saying is, okay, Meredith says one thing and Heard says another thing, but was trial counsel deficient in accepting his expert that he hired in that position? Was that deficient? And there's no evidence, there's no case law, there's nothing that says that trial counsel was required to go beyond what his own expert said and track down additional experts who might disagree with the expert he hired. I just want to ask fundamentally, in this case, why shouldn't we grant or send this back for an evidentiary hearing to fully develop the record and find out, to the best you can, what really happened? There's a lot of questions based on the record as it stands now. Right, I don't think it's necessary based on the record as it stands now, because Petitioner had ample opportunity to present all of the evidence that he had in support of his case, and he did. He presented his own self-serving affidavits, his family member's affidavits, and the affidavit of his expert, his new expert, and they presented the DVD and the state trial court did review the DVD and determined he had not set forth substantial grounds for even getting a hearing on his petition. The district court in this case apparently never saw that. Right. Don't you think that? Have you seen it? I have seen it, and I do believe that nothing in that, I believe the expert's reconstruction is completely meritless. That's a factual question. You can look at the pictures of the accident, and there's no way the accident could have occurred the way the expert says. Because the expert, if you watch the 2D version, the expert shows the car coming out into the middle of the intersection and the red car hitting it at the wheel well of the driver's side portion of the car. If you look at the pictures, that didn't happen. It's clear the front of the car hit the side of the victim's car. There is no side impact on the petitioner's car. The thought was that instead of it being directly T-bone, that they came together at an angle like this. That's what he says, but the recreation shows the car in the middle of the intersection and the red car hitting it at the driver's side wheel well. Meritless recreation. Right. I mean, if you watch it on the 2D version, that's what it shows. And then it shows the cars coming together like this. At a 45 degree angle. Right. After they've already hit. After the red car has already hit the white car, then they come together at a 45 degree angle and then go off and do what they do. The expert recreation doesn't show what happens because there's a ditch in the road.  Presumably the cars went airborne. It doesn't indicate any of those, but if you look at the pictures, it's a front end collision. The petitioner's car hit the victim's car on its front end and it went and embedded itself into the red car. Those are the M3 through 11 that you can look at that were supplemented. The picture versions, because the black and white versions weren't as easily able to be seen. Additionally, in the police investigation, they found that the petitioner's bumper was stuck to the side of the victim's car. And they had to remove it to get the victims out and the license plate fell off. In the recreation, there's no way for the bumper to get stuck to the victim's car because it hit this way and then they went that way. The bumper would never get embedded into the car in the expert's recreation. You're kind of testifying as an expert here on this. You can just look at the video. I'm only saying what I saw from the video as a lay witness. I looked at the video and I didn't reach that, necessarily reach that conclusion. Well, I mean, you look at the video, you look at the pictures, and you look at the investigator finding that the bumper of the petitioner's car is embedded and stuck to the side of the victim's car. And the expert's recreation doesn't help you determine any of that. If I can take you to that legal question that I was asking your opponent, my understanding, and correct me if I'm wrong or where I'm wrong, my understanding is that your position is it doesn't really matter because the defendant here was responsible even if the victim was speeding massively. Right, and we disagree about that. What law do you rely on for that principle, that the victims, because the victim had no stop sign and had the right of way, that even if the defendant here did stop and even if he simply inched out, that he would automatically be liable not only in a civil way but also in a criminal way? I'd cite the law referred to by the appellate court, and I assume by the trial court as well. It's page 25 of the appellate court's opinion, Respondents' Exhibit 30, State v. Langenkamp, State v. McGraw, State v. Daly. They all say unless a decedent's contributory negligence is not a defense to a charge of vehicular homicide unless it's the sole proximate cause of the accident. And in this case it wasn't. He failed to yield. It's possible that you could view this case as one in which with the speedometer at 84 miles an hour, assuming for the moment that that is the speed the four young boys were, their car had, you could perhaps not have even seen the car coming if you were going at 10 miles an hour or stopping and crossing the road because of the foliage as well as because of the speed of the other car. That's a factual question. I don't know the answer to it. I don't believe that that's true as well because, I mean, even then, as we argued in our brief, you have the obligation to not go, only go so far as you can see around the trees. And it was at night. The lights were on on the vehicles. You know, there's no reason why he shouldn't have seen the car but for the fact that he was intoxicated and on drugs, and we don't believe he stopped. But my question is going to something that you're making as a legal point, which I think many drivers would be totally shocked at, that even if they were being as careful as they could be, and even if they did, and I understand you think this is a hypothetical, even if they did stop and were inching out, that they could be convicted of this crime and end up with a substantial jail term, even if they were doing everything they could possibly. So you're really saying it's a strict liability criminal statute? I mean, I don't know about strict liability, but I mean, it is. Well, if there's no defense except... You have to have been the sole cause of the accident, right? I mean, the victims had to have been the sole cause of the accident, exactly. I mean, that's a matter of Ohio law, and they have decided that, and this court is bound by Ohio's determination on its own law. And in addition, you can believe you're being as careful as you want, but by virtue of hitting somebody, you clearly weren't. It's the same as, like, when you're being as careful as you can on an icy day, you still get charged with failure to control. The police officer doesn't go, oh, a citation's waived. In your calculus, though, even if the person is being as careful as they can, and they are being careful, because I thought you earlier said we evaluate the petitioner's conduct using a reasonableness standard. So if the young guys are speeding, if it's reasonable for a person to be able to go so far in the intersection and not, and the intersection appears to be clear, somebody is traveling at an excessive speed and they close that gap before a reasonable person would have time to see the car, you're saying there is no defense that if an accident occurs, that it obviously means that somebody was not, that the petitioner in this case was not being reasonable. I mean, you can show, I mean, you can view the recreation as well, because the expert did do a recreation based on his determination of how the speeds were going. But even then, he should have been able to see, but for him being intoxicated. But, again, these all go to factual questions. You don't have any record. You can look at the recreation. I'm not testifying. I'm saying what I viewed from the recreation. You can view the recreation and decide differently. But the issue is here is Strickland and the trial counsel's performance. And trial counsel got an expert. That expert agreed, according to petitioner's story, that expert agreed with the state's theory and said that the stuck speedometers have no value. I found articles and I found case law that agree that by virtue of having an accident and the torques and how cars move during the accident, stuck speedometers don't show a reliable. Did you find any case law to the contrary? I know you were looking primarily for that, that supported your position, but did you find anything that was contrary? I found in, like, a civil case where they said it was a matter for the jury to decide. So they let it in. It was, like, an evidentiary question, so they let it in. But there's ample case law that says that it has no value and that experts have testified as such. I tried to find an article, and we're looking in the Library of Congress, but there's a 2010 article that says, In case studies, residual speedometer reading did not usually represent the vehicle's speed at impact. This finding reinforces the observation that readings could be altered with a vibration or changes in orientation. So there's ample things out there to support what petitioner's counsel's expert said. And petitioner's counsel relied on his expert, who he hired, and that can't be deficient performance. And if you could just clarify for me, when you're saying petitioner's counsel relied on his expert, you're referring to that original expert, Hurd. And where are you getting what Hurd said from? It's a petitioner's affidavit. Can you give me the reference? Sure. It's page ID 1404. It's exhibit E to the... And what exactly does the petitioner say there? He says his lawyers retained Doug Hurd to look into how the accident occurred. Petitioner states Hurd didn't go to the scene, take measurements, relied solely on the officer's version, told the family that the accident occurred exactly as the police said it occurred. He asked about the frozen speedometer. Okay, I guess it's not in that one. It might be in the father's affidavit. Robert, wait a minute. Yeah, okay, so this is 1411. Affigant states that Hurd, he was told by Hurd that the reading on the speedometers had no value. Who is this? Petitioner's father. Now, though we have affidavits from the attorneys and signed the same day as the expert, we have affidavits from the trial attorneys, they do not even address this issue of whether they were ineffective in their expert's evaluation. Additionally, we don't expect experts to perform necessarily their own analysis. If an expert is going to challenge the coroner's determinations, they don't have to perform their own autopsy. If they're going to challenge an eyewitness identification, they don't have to view the eyewitness identification. They can still challenge. What I'm having with your argument is that none of these factual issues have been decided by the district court in this case. We don't have a record before us in which the district court has made findings of fact, conclusions, based upon the record that should have been in the case but was failed. The state failed to get it over to the district court? Habeas Rule 5 doesn't require us to produce everything. It requires us to produce very specific things, and we don't often produce DVDs or hair samples or things like that. If the court wants it, we'll produce it, but ordinarily we don't produce manual copies. But in addition, the question here is not factual findings. The state court reviewed this. They ruled that he could not establish his claim, and this court on habeas review is bound by that state court determination, and you can only grant the writ if you find that that conclusion is contrary to an unreasonable application. State appellate court, the last court in the state, said that race judicata was the basis of it. They cited various reasons, and in their ruling, they have three different reasons in paragraph 27. They said they weren't obligated to conduct an evidentiary hearing, it was barred by race judicata, and he hasn't established actual innocence. On page 25, they said Schweiderman doesn't establish substantive grounds for relief. Clearly not the standard here. No, those were three reasons that were in, and they said. That's an error when they say he's got to establish actual. No, he argued his actual innocence, and the court said you haven't proven your actual innocence, so they're just addressing one of the claims he brought up. But in addition, they said, we note that Schweiderman did not establish substantive grounds for relief that would warrant a hearing based on the petition, the supporting affidavits, and the files and the records in the case. So they determined the merits adversely to petitioner, and this court can only grant the writ if they determine it's contrary to or an unreasonable application of Strickland. If there are no further questions, we rest on our briefs. Thank you. Did the state court of appeals issue a merits ruling? I'm thinking. Well, we can. I want to say, I don't want to misspeak, I want to say that a bulk of their decision was on the race judicata issue, which would mean that there was no merits issue, which obviously means that you can look at it fresh. But I don't. I think there may have been some claims that they reviewed. For instance, the sentencing claims, I think they had a merits decision. I don't even think I raised those in the habeas petition. But I think the sentencing issues, because they were in the direct appeal, they took a look at those. But I believe they may have done one of those. It's race judicata, but if we were to get to the merits, we would find. I can't remember if they did that or not, so I don't want to misspeak. But I believe that they just raised the race judicata issue. I think it's important to talk about the expert that they did hire initially because there are experts and then there are experts. This is an ex-cop who didn't go to the scene, didn't take his own pictures, didn't do any calculations, and according to the affidavits in our state post-conviction was brought in to get my client to plead guilty. And I think if we look at a somewhat infamous or famous case, Ritchie v. Warden, this court has talked about that. There was a fire there. The trial counsel hired an expert. The expert turned out to be a good witness for the state. And this court overturned Mr. Ritchie's capital conviction on that basis. So I think just the fact that they hired an expert doesn't absolve them of being ineffective. Could you respond to this? Sure. He said that the Meredith diagram, the DVD, and the affidavit show conclusively that when the two cars came together that the petitioner's car struck directly into the side of the boy's car and not at any angle. As just a matter of, you can see that from the record. Yes. What's your response to that? That the recreation that we did shows that? Which he said. I believe that's accurate. I would rely on both the recreation itself and the affidavit of Dr. Meredith as to what that means. I have no independent knowledge of these types of things, and that's why we hired Dr. Meredith to sort of explain to us what it means and for me to sort of guess that it should be this or it should be that. I think all of these things are questions of fact, and I think you all are right in terms of an evidentiary hearing. And I think ultimately this becomes a question for a jury. Should he have stopped here and gone on, and we welcome that. But I think these are all questions that have to be decided before the litigation closes in this case. I appreciate it. No further questions. Your case will be submitted. Thank you both.